**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Shuiquetta Freeman and Stanley Pugh, Defendants,

Of whom Shuiquetta Freeman is the Appellant.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2022-001698

———

Appeal From Saluda County
Robert E. Newton, Family Court Judge

———

Unpublished Opinion No. 2023-UP-286
Submitted July 27, 2023 – Filed July 31, 2023

———

**AFFIRMED**

———

Nancy Carol Fennell, of Irmo, for Appellant.

Becky Marie Farmer, of South Carolina Department of
Social Services, of Columbia, for Respondent.

Eydie J. Tillman, of Tillman Law Firm, LLC, of
Edgefield, for the Guardian ad Litem.

**PER CURIAM:** Shuiquetta Freeman (Mother) appeals a family court order terminating her parental rights to her minor child (Child). On appeal, Mother argues the family court erred in finding clear and convincing evidence showed (1) she willfully failed to support Child and (2) Child had been in foster care for fifteen of the most recent twenty-two months. We affirm.

On appeal from the family court, an appellate court "reviews factual and legal issues de novo." *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011). However, an appellate court reviews the family court's procedural rulings for an abuse of discretion. *See Stoney v. Stoney*, 422 S.C. 593, 594 n.2, 813 S.E.2d 486, 486 n.2 (2018).

The family court may order the termination of parental rights (TPR) upon finding a statutory ground for TPR is met and TPR is in the child's best interests. S.C. Code Ann. § 63-7-2570 (Supp. 2022). The grounds "must be proved by clear and convincing evidence." *S.C. Dep't of Soc. Servs. v. Parker*, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999).

We hold the family court properly found clear and convincing evidence showed Child had been in foster care for fifteen of the most recent twenty-two months. *See* § 63-7-2570(8) (stating a statutory ground for TPR is met when "[t]he child has been in foster care under the responsibility of the State for fifteen of the most recent twenty-two months"). At the time of the TPR hearing, Child had been in foster care continuously for approximately forty-four months. Although some of the delay was due to the COVID-19 pandemic and the Department of Social Services, the evidence showed the majority of the delay was attributable to Mother's inability to complete her placement plan and provide Child with an adequate home environment. *See S.C. Dep't of Soc. Servs. v. Sarah W.*, 402 S.C. 324, 336, 741 S.E.2d 739, 746 (2013) ("[S]ection 63-7-2570(8) may not be used to sever parental rights based solely on the fact that the child has spent fifteen of the past twenty-two months in foster care. The family court must find . . . that the delay in reunification of the family unit is attributable not to mistakes by the government, but to the parent's inability to provide an environment where the child will be nourished and protected."). Accordingly, we hold clear and convincing evidence supports this ground.[1]

---

[1] Because we hold clear and convincing evidence supports one statutory ground for TPR, we need not address Mother's remaining argument regarding whether clear

Although Mother did not challenge whether TPR was in Child's best interests, we also hold TPR is in his best interests. *See Ex parte Roper*, 254 S.C. 558, 563, 176 S.E.2d 175, 177 (1970) ("[W]here the rights and best interests of a minor child are concerned, the court may appropriately raise, ex mero motu, issues not raised by the parties."); *S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000) ("In a [TPR] case, the best interests of the children are the paramount consideration."); *Sarah W.*, 402 S.C. at 343, 741 S.E.2d at 749-50 ("Appellate courts must consider the child's perspective, and not the parent's, as the primary concern when determining whether TPR is appropriate."). Mother testified her physical health had deteriorated over the course of the case, and she would require assistance from others in order to care for Child until she regained her ability to walk or use her legs. Although Mother identified several individuals who could help her care for and transport Child, the guardian ad litem (GAL) testified Mother did not have a "workable" plan to care for Child if he returned to her custody and expressed concern about Child's safety if he returned to Mother's custody and others were not present to help Mother care for Child, especially given Child's special needs and need for constant redirection. Additionally, at the time of the TPR hearing, Child had been in foster care for approximately forty-four continuous months, was doing well in his pre-adoptive foster home, and referred to his foster home as his home. The foster care caseworker and the GAL believed TPR was in Child's best interests. Based on the foregoing, we hold TPR is in Child's best interests.

**AFFIRMED.**[2]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

and convincing evidence showed she willfully failed to support Child. *See S.C. Dep't of Soc. Servs. v. Headden*, 354 S.C. 602, 613, 582 S.E.2d 419, 425 (2003) (declining to address a statutory ground for TPR after concluding clear and convincing evidence supported another statutory ground).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.